IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY RAEL,

        Plaintiff,

v.                                                                                  CIV 13-0255 KBM/LFG

WAL-MART STORES, INC.,

        Defendant.

## ORDER DENYING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's motion to remand the action to state court. Pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 3, 5-7.*

Plaintiff, a New Mexico resident in her seventies, fell at a Taos Wal-Mart store. Wal-Mart has its principal place of business in Arkansas, so the parties are undisputedly diverse. Plaintiff's state complaint seeks an unspecified amount of compensatory and punitive damages. Prior to filing suit, however, her attorney made a settlement demand for compensatory damages in the amount of $74,500, a few hundred dollars less than the $75,000 amount in controversy necessary for Wal-Mart to remove the action to this Court. *See, e.g.,* 28 U.S.C. § 1332(a); *Doc. 1-2* at 2-5; *Doc. 3* at 2; *Doc. 3-1* at 1-2; *Doc. 12* at 5.

Wal-Mart's notice of removal asserts that, when Plaintiff's settlement demand is coupled with her additional demand for punitive damages, a verdict in her favor "could easily exceed $75,000.00." *Doc. 1* at 4 (¶ 14).  In other words, based on Plaintiff's compensatory damages settlement demand, any award of punitive damages would have to be less than $500 to avoid removal, and that is unlikely as such awards "commonly [are] anywhere between at least 25% to 300% of their compensatory damages." *Id.* at 6.  Plaintiff counters, however, that Wal-Mart's lack of precision in defining the amount of punitive damages fails to meet its burden to "set forth, in the notice of removal itself*,* the underlying facts supporting the assertion that the amount in controversy exceeds $75,000.00." *Chieftain Royalty Co. v. Apache Corp.,* No. CIV–12–0834–HE, 2013 WL 501351 at * 1 (W.D. Okla. Feb. 8, 2013) (internal quotations, citations, and alterations omitted) (quoting *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995)); *see also Doc. 3* at 2 (and authorities cited therein); *Doc. 12* at 4 (same).

Plaintiff's attorney maintains that his settlement demand dictates the value of the case for the purposes of determining the amount in controversy for diversity jurisdiction. It has been this Court's experience, however, that as an inducement for a negotiated resolution, settlement offers are generally much less the value that will be sought at trial. Moreover, it is undisputed that Plaintiff declined Wal-Mart's offer to agree to a remand if Plaintiff would "dismiss your claim for punitive [damages] and affirm in writing that you seek less that $75,000." [1]  *See Doc. 11-1* at 2; *Doc. 11* at 4; *see also Standard*

---

[1] When counsel exchanged e-mails about settlement offers, Plaintiff's attorney appeared to stipulate away the punitive damages claim in view of removal, by saying that his initial settlement demand "included all damages." *Doc. 12* at 3. Now, however, he casts this exchange as Wal-Mart using "removal . . . as leverage and a bargaining chip" and as a "bad

*Fire Ins. Co. v. Knowles,* ___ U.S. ___, ___, 133 S. Ct. 1345, 1350 (2013) ("federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement").

Given that Plaintiff's initial settlement demand prior to <u>any</u> discussion of punitive damages is right at the jurisdictional threshold, the Court finds that removal to federal court was proper.

> The defendant does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, **could exceed** [the $75,000 jurisdictional amount].  *See Back Doctors,* 637 F.3d at 830 (explaining that "the question . . . is not whether the class is more likely than not to recover punitive damages, but whether [state] law disallows such a recovery"). The defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is **possible.**

*Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1248 (10th Cir. 2012).  The Complaint alleges "reckless conduct [that showed an utter indifference to and conscious disregard for the Plaintiff's health and well being," which "amounts [to] willful and wanton conduct." *Doc. 1-2* at 4 (¶ 11).  As Wal-Mart correctly assumes, conduct of this degree is sufficient to sustain an award of punitive damages under New Mexico law, and in a sum of at least $500.  *See Doc. 11* at 6; *see also, e.g., Helena Chemical Co. v. Uribe,* 293 P.3d 888, 897 (N.M. App.), *cert. denied,* 299 P.3d 422 (N.M. 2012).

Wherefore,

---

faith," "manipulative" attempt " to pressure Plaintiff to drop her claim for punitive damages."  *Id.* at 3-4  Because he does not affirmatively state that Plaintiff has stipulated away her punitive damages claim, this Court will not consider counsel's email to constitute a stipulation to remand.

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand and request for attorney fees *(Doc. 3)* is DENIED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE